UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORY SEEGMILLER,

          Plaintiff,

v.                                  Case No:   2:15-cv-87-FtM-38DNF

THE SCHOOL BOARD OF COLLIER
COUNTY and KATHLEEN
CURATALO,

          Defendants.

_____/

## ORDER[1]

    This matter comes before the Court on Defendants School Board of Collier County and Kathleen Curatalo's Motion to Dismiss or for a More Definitive Statement (Doc. #18) filed on April 6, 2015.  With leave of Court, Plaintiff Cory Seegmiller filed a Response to Defendants' Motion to Dismiss on May 1, 2015.  (Doc. #22; Doc. #23).  Thus, Defendants' motion is ripe for review.

## BACKGROUND

    This case arises out of Plaintiff's participation at a public meeting held by Defendant School Board of Collier County ("the Board").  The facts as alleged in the First Amended Complaint are summarized in turn.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff is a resident of Collier County, Florida.  As a concerned citizen, he attended the Board's public meeting on January 20, 2015, to address the Board for alleged improprieties existing in the school district – *e.g.* the Board allegedly misusing their power and permitting parents to choose the school district's curriculum and textbooks.  (Doc. #5 at ¶¶ 33, 37-39).   The Board gave Plaintiff three minutes to speak at the meeting. However, Defendant Kathleen Curatalo, the Board's Chairperson, "repeatedly and frequently" interrupted Plaintiff.  (*Id.* at ¶ 40).   Defendant Curatalo apparently objected when Plaintiff began to raise personal attacks against Board members, and she instructed Plaintiff to keep his discourse to substantive issues.  (*Id.*).   Plaintiff objected to the interruptions, citing his free speech rights under the First Amendment of the United States Constitution.  (*Id.* at ¶ 41).   At some point during Plaintiff's allotted time, the Board's attorney also intervened to reiterate that the Board was not censoring his speech and that he had to stick to substantive issues, and not attack the Board members personally.  (*Id.* at ¶ 44).   Because of the interruptions, Plaintiff believed he was denied a reasonable opportunity to express himself on matters of community interest.

Plaintiff then filed this action against Defendants.  (Doc. #1; Doc. #5).   The First Amended Complaint sets forth five counts based on the First and Fourteenth Amendments of the United States Constitution (Counts I-II and V-VII) and two based on Florida law (Counts III and IV).   Specifically, he asserts the following:

- Count I – Plaintiff's Freedom of Speech Under the United States Constitution Was Violated;

- Count II – Plaintiff's Right to Equal Protection Under the United States Constitution Was Violated;

- Count III – Florida Statute § 286.0114 Was Violated;

- Count IV – Plaintiff's Right to Free Speech Under the Florida Constitution Was Violated;

- Count V – Collier County School Board Policy 0.169.1 Is Overly Broad and Violates the First Amendment;

- Count VI – Violation of the First Amendment Rights of Free Speech Against Kathleen Curtalolo in Her Individual Capacity and in Her Official Capacity as Board Chair; and

- Count VII – Violation of the Fourteenth Amendment Against Kathleen Curtalolo in Her Individual Capacity and In Her Official Capacity as Board Chair.

Defendants move to dismiss the First Amended Complaint as a "shotgun pleading" and for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. #18 at 1, 3).  Defendants alternatively move for a more definitive statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. #18).

## STANDARDS OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Prodecure, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  Like its counterpart above, Rule 12(b)(6) requires more than

"unadorned, the-defendant-unlawfully-harmed-me" accusations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).  But, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain,* 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

Also pertinent here, the Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" "shotgun pleadings." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008).  The Eleventh Circuit labels a complaint as a shotgun pleading when it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  A pleading drafted in this manner "is in no sense the 'short and plain statement of the claim'" that Rule 8 requires, and "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  When faced with a shotgun

complaint, the Eleventh Circuit encourages defendants to move for more definite statements, or, failing that, the district court should *sua sponte* demand repleading. *See Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603 (11th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

## DISCUSSION

**A. Federal claims**

Plaintiff brings his five federal claims under 42 U.S.C. § 1983, which creates a private cause of action for deprivations of federal rights by persons acting under the color of state law. In general, to state a claim under § 1983, a plaintiff must allege "(1) that the defendant deprived [the plaintiff] of a right secured under the Constitution or federal law and (2) that such deprivation occurred under the color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998).

1. Counts I, V, and VI – Free Speech

The heart of Plaintiff's case is that Defendants violated his First Amendment free speech rights. In Count I, he alleges the "Board's actions and policies, on their face and as applied, deny [him] the opportunity to redress government action and/or improprieties though his protected freedom of speech" and they "constitute an unconstitutional prior restraint on speech." (Doc. #5 at ¶¶ 55-56). In Count V, Plaintiff maintains the Board's internal policy, which authorizes Defendant Curatalo, as the Chairperson, to "interrupt, warn, or terminate a participant's statement when the statement is too lengthy, personally directed, abusive, obscene, or irrelevant," as overly broad. (*Id.* at ¶¶ 107-09; Doc. #5-2).

Finally, in Count VI, Plaintiff alleges that Defendant Curatalo violated his right to free exercise of speech and his ability to redress the Board's alleged improprieties. (*Id.* at ¶¶ 112-18). Defendants move to dismiss these counts as inartfully pled and for failure to state plausible § 1983 claims. For the following reasons, the Court agrees with Defendants.

To the extent Plaintiff brings Count I against the Board for Defendant Curatalo's conduct at the meeting, the Board cannot be held vicariously liable under § 1983 for injuries caused solely by its employee. *See Monnell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In other words, Plaintiff has no cause of action against the Board because Defendant Curatalo interrupted Plaintiff during this three-minute allotment to speak at the meeting on January 20, 2015.

Next, to the extent that Plaintiff challenges the Board's policy 0.169.1(g), Count I is again flawed. Municipalities and other local-government units are included among the "persons" to whom § 1983 applies. *See Monnell*, 436 U.S. at 690-91. However, a plaintiff may only hold a municipality liable for the action of one of its employees if the employee acted pursuant to an official municipal policy or custom. *See Monnell,* 436 U.S. at 691-92; *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (stating a local government may be held liable under § 1983 only "if the plaintiff shows that a 'custom' or 'policy' of the municipality was the 'moving force' behind the constitutional deprivation"). To press a claim under § 1983 against a municipality, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that

constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289.

Here, Plaintiff has failed to plead municipal liability under § 1983 adequately.  He offers nothing more than unadorned conclusions that the Board's actions and policies constituted an unconstitutional restraint on his speech.  The First Amended Complaint lacks factual allegations to support any finding that the Board's policy was a deliberate indifference to his First Amendment rights, or that the policy motivated the alleged infringement on his free speech rights.  Count V – Plaintiff's second and redundant attempt to challenge Board policy 0.169.1(g) as violative of the First Amendment – fails for the same reasons.  (Doc. #5 at ¶¶ 107-08).  In an apparent theme, Plaintiff argues the Board's policy violates the First Amendment and declares victory.  Although the pleading standards favor plaintiffs, "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro,* 693 F.3d at 1337.

Plaintiff attempts his last attack against the Board's policy by pointing the finger at Defendant Curatalo in her official and individual capacities.  As Defendants argue, and for which Plaintiff does not challenge, bringing Count VI against Defendant Curatalo is redundant of Count I, and thus should be dismissed.  In addition, because Plaintiff has not plausibly asserted a deprivation of his First Amendment rights for the reasons discussed above, Defendant Curatalo cannot be held personally liable under § 1983.  *See L.B. v. Bullock Cnty. Bd. of Ed.*, No. 2:07cv681–WHA, 2009 WL 248070, at *4 (M.D Ala. Feb. 2, 2002).[2]

---

[2] Defendants, in their motion to dismiss, inexplicably did not raise the defense of qualified immunity on behalf of Defendant Curatalo. (Doc. #18); *see Skrtich v. Thornton,* 280 F.3d 1295, 1306 (11th Cir. 2002). However, based upon the allegations of Plaintiff's First Amended Complaint construed in her favor, Defendant Curtaolo in her individual capacity would be entitled to qualified immunity because no

For these reasons, the Court grants Defendants' Motion to Dismiss and dismisses Counts I, V, and VI of the First Amended Complaint.

2. <u>Counts II and VII – Equal Protection</u>

In Counts II and VII of the First Amended Complaint, Plaintiff asserts claims based on the "class of one" theory of equal protection.  The Equal Protection Clause in the Fourteenth Amendment provides that no state shall deny a person of protection of the law, "which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  The standard for determining the validity of state legislation or other official action that is challenged as denying equal protection depends on the basis for the state's classification. *See id.* at 440-41.  For example, classifications based on race, alienage, or national origin are subject to "strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest."  *See id.* at 440.

A plaintiff who does not allege discrimination against a protected class, but rather asserts that he was intentionally treated differently from others who are similarly situated, may assert a "class of one" equal protection claim.  *See Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1201 (11th Cir. 2007).  "To prove a 'class of one claim,' a plaintiff must show (1) that he was treated differently from other similarly situated individuals, and (2) that the defendant unequally applied a facially neutral ordinance for the purpose of discriminating against him." *Leib*, 558 F.3d at 1307 (citation omitted).  The similarly situated requirement

---

constitutional violation occurred. *See Pearson v. Callahan,* 555 U.S. 223 (2009); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1201 (11th Cir. 2007).

is rigorously applied, and a plaintiff may not rely on broad generalities when defining those who are similarly situated.  *See Leib*, 558 F.3d at 1307; *Griffin*, 496 F.3d at 1204-05 (stating the similarly situated requirement requires a plaintiff to demonstrate that he was treated differently than a similarly situated comparator that is "*prima facie* identical in all relevant respects"); *Foley v. Orange Cnty.*, No. 6:12-cv-269-ORL-37, 2013 WL 4110414, at *12 (M.D. Fla. Aug. 13, 2013) ("A similarly situated comparator must be defined and identified precisely; a plaintiff cannot rely upon 'broad generalities' to establish his claim." (citing *Grider v. City of Auburn*, 618 F.3d 1240, 1263-64 (11th Cir. 2010)).

Here, Plaintiff does not allege discrimination based on any protected class. Instead, he claims Defendants violated his equal protection rights by censoring his personally directed comments at Board members, and not censoring the personally directed statements of others who commented at the January 20, 2015 meeting.  (Doc. #5 at ¶¶ 49-50).  Plaintiff thus purports that Defendants intentionally treated him differently than other similarly situated individuals.  (*Id.* at ¶¶ 69, 71).  However, Plaintiff does not identify any similarly situated comparator, and the law is clear the he must do more than assert that Defendants treated some other unidentified individuals better than him.  *See Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1275 (11th Cir. 2008).  Even looking beyond this fatal flaw, Plaintiff has failed to allege sufficient facts showing how Defendants' policies and conduct singled him out and treated him differently from other concerned Collier County citizens.  *See Griffin*, 496 F.3d at 1204-05.

Accordingly, the Court finds that Plaintiff has failed to state an equal protection claim and dismisses Counts II and VII.

**B.  Florida claims**

In Count III, Plaintiff contends the Board violated Florida Statute § 286.0114 by, among other things, denying him a reasonable opportunity to comment on perceived dysfunction of the Board at the January 20, 2015 meeting.  (Doc. #5 at ¶¶ 82-83).  In Count IV, Plaintiff maintains the Board's policy of restraining his "personally directed" comments at the January 20, 2015, meeting violated Article I, Section 4, of the Florida Constitution, protecting free speech rights.  (*Id.* at ¶¶ 95-97).

Federal district courts are given supplemental jurisdiction over state claims that "form part of the same case or controversy" as federal claims over which they have original jurisdiction.  See 28 U.S.C. § 1367(a).  This jurisdictional extension has limits, however, and a district court "may decline to exercise supplemental jurisdiction over [such state] claim[s] . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The decision of whether to exercise supplemental jurisdiction where a district court has dismissed all federal claims is left to the court's discretion, as "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (footnote omitted); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (citation omitted).  When deciding whether to exercise supplemental jurisdiction, district courts should consider "judicial economy, convenience, fairness, and comity." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citations omitted).  "Another important consideration . . . is the running of a state statute limitation." *Ingram v. Sch. Bd. of Miami-Dade Cnty.*, 167 F. App'x 107, 109 (11th Cir. 2006) (citations omitted).

As set forth above, the Court has dismissed the federal claims over which it had original jurisdiction.  On this posture, Plaintiff is no longer entitled to remain in federal court.  *See* 28 U.S.C. § 1367(c)(3); *Busse v. Lee Cnty., Fla.*, 317 F. App'x 968, 973-74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims." (citation omitted)).

Having considered the above-discussed factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  *See Baggett*, 117 F.3d at 1353 ("Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." (citations omitted)).  This case has not progressed past Defendant's motion to dismiss, and thus it is still in the early stages of litigation.  *See Raney*, 370 F.3d at 1089 (encouraging district courts to dismiss remaining state claims when the federal claim has been dismissed prior to trial).  In addition, resolution of Plaintiff's state law claims and Defendant's immunity defenses depend on determinations of state law.  *See Lock v. City of W. Melbourne, Fl.*, No. 6:12-CV-680-ORL, 2013 WL 6798933, at *18 (M.D. Fla. Dec. 23, 2013) ("It is preferable for Florida's state courts to make determinations of Florida law, particularly when considering the absolute immunity issues raised by the Individual Defendants and the fact that both the federal law claims have been dismissed prior to trial." (citations omitted)).  Thus, Florida court is the more appropriate forum.  *See Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992).  Finally, there are no concerns about the timeliness of Plaintiff's claims should this case be dismissed, as § 1367(d) tolls the statutes of limitation for state claims during the period in which they

have been pending in federal court and for thirty (30) days after an order of dismissal. *See* 28 U.S.C. § 1367(d); *Beck v. Prupis*, 162 F.3d 1090, 1099-1100 (11th Cir. 1998) ("[A] dismissal under section 1367 tolls the statute of limitations on the dismissed claims for 30 days").  Thus, Plaintiff may refile in the appropriate state court, provided he does so in a timely manner.   For these reasons, the Court declines to exercise supplemental jurisdiction over Counts III and IV and dismisses them without prejudice.

Accordingly, it is now

**ORDERED:**

(1) Defendants School Board of Collier County and Kathleen Curatalo's Motion to Dismiss or for a More Definitive Statement (Doc. #18) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending hearings, motions, and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record